J. ALEXANDRA RHIM (SBN 180636)
  arhim@hrhlaw.com
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard
12th Floor
Encino, CA  91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985

DUNCAN BARBER (Colo. #16768)
  dbarber@sbbolaw.com
**SHAPIRO BIEGING BARBER OTTESON LLP**
7979 E. Tufts Ave., Suite 1600
Denver, CO 80237
Telephone: (720) 488-0220
Facsimile: (720) 488-7711
(*admitted pro hac vice*)

Attorneys for Seeley International Pty Ltd, and
Convair Cooler Corp.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEELEY INTERNATIONAL PTY LTD, an Australian corporation; and CONVAIR COOLER CORP., a Texas corporation,<br><br>Plaintiffs,<br><br>vs<br><br>RICHARD BOURNE, an individual; CAROL BOURNE, an individual; STEVE SHORT, an individual; and JENNIFER SHORT, an individual,<br><br>Defendants.<br><br>RICHARD BOURNE, an individual; CAROL BOURNE, an individual; STEVE SHORT, an individual; and JENNIFER SHORT, an individual,<br><br>Cross-Complainants,<br><br>vs<br><br>SEELEY INTERNATIONAL PTY LTD, an Australian corporation; and CONVAIR COOLER CORP., a Texas corporation,<br><br>Cross-Defendants. | Case No:   2:20-CV-01946-TLN-AC<br><br>**STIPULATION FOR BINDING ARBITRATION, TO STAY PROCEEDINGS, AND RESOLVING MOTION TO COMPEL ARBITRATION (DOCKET NO. 15); AND ORDER THEREON**<br><br>Date: January 21, 2021<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 15th Floor<br>       Robert T. Matsui U.S. Courthouse<br>       501 I Street<br>       Sacramento, CA  95814<br><br>Judge: Hon. Troy N. Nunley |

The above-captioned Plaintiffs and Cross-Defendants (collectively, "**Plaintiffs**") and Defendants and Cross-Complaints (collectively, "**Defendants**"), through their respective counsel, hereby stipulate and agree as follows:

**RECITALS**

1. On September 25, 2020, Plaintiffs filed the Complaint for: (1) Breach of Contract; (2) Fraud; (3) Negligent Misrepresentation; (4) California Securities Fraud; (5) Federal Securities Fraud; (6) Breach of Employment Contracts; (7) Breach of Fiduciary Duty; and (8) Unfair Business Practices under Cal. Business & Professions Code § 17200 et seq. commencing the above-captioned action (the "**Action**").

2. On October 21, 2020, Plaintiffs filed the First Amended Complaint (1) Breach of Contract; (2) Fraud; (3) Negligent Misrepresentation; (4) California Securities Fraud; (5) Federal Securities Fraud; (6) Breach of Fiduciary Duty; and (7) Unfair Business Practices under Cal. Business & Professions Code § 17200 et seq. ("**FAC**").

3. On November 17, 2020, Defendants filed their answers and Cross-Complaints (the "**Cross-Complaints**").

4. As alleged in the FAC, Plaintiffs seek redress for breaches under that certain Stock Purchase Agreement (the "**SPA**") and related agreements. In turn, Defendants filed the Cross-Complaints alleging that Plaintiffs breached the employment agreements executed contemporaneously with the SPA.

5. Plaintiffs intend to promptly file a Second Amended Complaint ("**SAC**") to re-insert the claim for Breach of Employment Contracts that was included in the original complaint filed on September 25, 2020.

6. On November 19, 2020, Plaintiffs filed the motion to compel arbitration and stay proceedings (the "**Arbitration Motion**") based on the arbitration provision contained in the SPA. Section 9.5(c) of the SPA provides that: "The parties agree that *any dispute or controversy arising out of, or relating to or concerning any interpretation, construction, performance or breach of this Agreement* shall be settled by arbitration to the extent permitted by Law, which arbitration shall be

2

held in Sacramento, California in accordance with the commercial arbitration rules then in effect of the American Arbitration Association." (Emphasis added.)

7. The parties have agreed to submit to binding arbitration pursuant to the SPA arbitration provision above and on certain conditions as set forth herein.

8. This Stipulation resolves and disposes of the motion to compel arbitration (docket no. 15).

9. Based on the above recitals, and for the purpose of facilitating arbitration of the Action, the parties stipulate and agree as follows.

## **STIPULATION AND MUTUAL AGREEMENT TO ARBITRATE**

1. Plaintiffs and Defendants stipulate and agree to submit the entire Action to final and binding arbitration before the American Arbitration Association under its applicable rules and procedures. The Action (including any cross-complaints) in its entirety shall be stayed until completion of the arbitration. For avoidance of doubt, the term Action includes all claims and defenses set out in the operative complaint and cross-complaints, as they may be amended.

2. Plaintiffs shall be entitled to file the SAC without the need for further court order. Defendants shall be entitled to file a response including amended cross-complaints without the need for further court order.

3. Upon entry of the proposed order accompanying this stipulation by the Court, Plaintiffs shall take appropriate steps to initiate arbitration pursuant to the terms of the SPA. The parties shall meet and confer to determine a mutually agreeable Arbitrator by February 2, 2021 (or such later date as agreed by the parties). If agreement cannot be reached, the parties shall jointly advise the Court of two (2) candidates acceptable to each side and request that the Court make the selection.

4. Upon the initiation of such arbitration, Plaintiffs and Defendants shall timely pay their respective 50% share of any arbitration fees unless the Arbitrator orders otherwise.

/ / /
/ / /
/ / /

3

1. 5. Judgment upon the award rendered by the Arbitrator may be entered in this Court.

Dated: January 19, 2021                     HEMAR, ROUSSO & HEALD, LLP

/s/ *J. Alexandra Rhim (as authorized on January 19, 2021)*
By:_____
    J. Alexandra Rhim
Attorneys for Plaintiffs Seeley International Pty Ltd, and Convair Cooler Corp.


SHAPIRO BIEGING BARBER OTTESON LLP

/s/ *Duncan E. Barber (as authorized on January 19, 2021)*
By:_____
Duncan E. Barber (*admitted pro hac vice*)
Attorneys for Plaintiffs Seeley International Pty Ltd, and Convair Cooler Corp.

Dated: January 19, 2021                     BERNHEIM LAW FIRM, LLP

/s/ *William Bernheim (as authorized on January 19, 2021)*
By:_____
William Bernheim
Attorneys for Defendants RICHARD BOURNE, CAROL BOURNE, STEVE SHORT, and JENNIFER SHORT

4

**ORDER**

The Court, having read and considered the parties' Stipulation for Binding Arbitration, to Stay Proceedings, and Resolving Motion to Compel Arbitration, hereby finds and orders as follows:

1. The entire Action is ordered to final and binding arbitration before the American Arbitration Association under its applicable rules and procedures.

2. The Action in its entirety shall be stayed until completion of the arbitration.

3. As used in this Order, the term Action includes all claims and defenses set out in the operative complaint, answers and/or cross-complaints, as they may be amended.

4. Plaintiffs shall be entitled to file the SAC without the need for further court order. Defendants shall likewise be entitled to file answers and/or amended cross-complaints without the need for further court order.

5. Plaintiffs shall be entitled to initiate arbitration of the entire Action pursuant to the terms of the SPA.

6. The parties shall meet and confer to determine a mutually agreeable Arbitrator by February 2, 2021 (or such later date as agreed by the parties). If agreement cannot be reached, the parties shall jointly advise the Court of two (2) candidates acceptable to each side and request that the Court make the selection.

7. Upon the initiation of such arbitration, Plaintiffs and Defendants shall timely pay their respective 50% share of any arbitration fees unless otherwise ordered by the Arbitrator.

8. Judgment upon the award rendered by the Arbitrator may be entered in this Court.

DATED: January 20, 2021

Troy L. Nunley
United States District Judge

5